FREAR STEPHEN SCHMID, CSB No. 96089
ATTORNEY AT LAW
177 POST STREET, SUITE 550
SAN FRANCISCO, CA  94108
TELEPHONE:  (415) 788-5957
FACSIMILE:  (415) 788-5958
EMAIL: frearschmid@aol.com

Attorney for Plaintiff
SECURITY PEOPLE, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY PEOPLE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ANDREI IANCU, in his capacity as Director of the United States Patent and Trademark Office, and the UNITED STATES PATENT AND TRADEMARK OFFICE, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF** |

Plaintiff Security People, Inc. ("SPI") alleges against defendants Andrei Iancu, in his capacity as Director of the United States Patent and Trademark Office, and the United States Patent and Trademark Office ("PTO"), as follows:

1.      **Jurisdiction and Venue**: The Court has subject matter jurisdiction over this action under 28 U.S.C. §1331 because it arises under the United States Constitution and the laws of the United States. Venue is proper in the Northern District of California under 28 U.S.C. §1391(e) in that plaintiff SPI resides in this district with its principal place of business in Petaluma, California.

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19
AND INJUNCTIVE RELIEF

2.     **Intradistrict Assignment**: San Francisco/Oakland is proper as plaintiff resides in Sonoma County.

3.     This is an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §2201. This Court is also authorized to grant a declaratory judgment under Rule 57 of the Federal Rules of Civil Procedure. SPI seeks to have *inter partes* review process governed by 35 U.S.C. §§311-19, as retroactively applied to U.S. Patent No. 6,655,180 ("'180 patent"), declared unconstitutional and have the defendants' cancellation of claim number 4 of said patent declared void.

4.     Plaintiff SPI is a California corporation with its principal place of business in Petaluma, California. It is the assignee and owner of a large number of U.S. Patents, including the '180 patent issued December 2, 2003.

5.     Defendant Andrei Iancu is the Director of the PTO.

6.     Defendant PTO is the federal agency responsible for granting United States patents, and for administering *inter partes* review proceedings.

7.     In a lawsuit filed in the Northern District of California on November 11, 2014, Security People, Inc. v. Ojmar US, LLC, action no. 3:14-cv-04968, SPI alleged Ojmar infringed SPI's '180 patent. On April 29, 2015, Ojmar filed a petition for *inter partes* review of the '180 patent, IPR2015-01130, pursuant to the America Invents Act (AIA). SPI has standing to assert this as-applied challenge to the constitutionality of *inter partes* review (IPR) before the Patent Trial and Appeal Board ("PTAB") as enacted in the AIA because it has suffered an injury-in-fact, in that Ojmar petitioned for *inter partes* review of the '180 patent, and based upon said petition, obtained a stay of SPI's Article III patent infringement action, Security People, Inc. v. Ojmar US, LLC, action no. 3:14-cv-04968, including a stay of the scheduled jury trial and

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

2

further, Ojmar's IPR petition ultimately resulted in the cancellation of claim 4 of the '180 patent. Due to the IPR and cancellation of claim 4, SPI dismissed its patent infringement action against Ojmar and suffered substantial damages, including but not limited to the value of the claim 4 of the patent and the exclusive rights associated with said claim. SPI has standing because it has suffered a concrete injury-in-fact to a legally protectable interest, claim 4 of the '180 patent, by being subjected to the unconstitutional IPR which resulted in the cancellation of claim 4 of the '180 patent on October 28, 2016. SPI unsuccessfully appealed the IPR decision to the Federal Circuit (case no. 2017-1385). In particular, SPI, over its objection, had the issue of patent validity of the '180 patent removed from an Article III court, where it elected to file its lawsuit for patent infringement, and placed before the PTAB created by the AIA that has and had no proper authority to conduct the IPR because in, violation of due process of law, the AIA was retroactively applied to the '180 patent which issued approximately 10 years before enactment of the AIA. The placement of the invalidity of the '180 patent before the PTAB was and is in violation of due process of law as the AIA was being retroactively applied to SPI's vested '180 patent. Further, although SPI had demanded a jury trial and one was scheduled in its action against Ojmar and Ojmar had counter-claimed for invalidation of the '180 patent, the AIA put the issue of patent validity before an executive branch panel, the PTAB, rather than before an Article III district court. This was in violation of SPI's rights under the Seventh Amendment and Article III of the U.S. Constitution because SPI's patent was issued prior to the AIA and the retroactive application of the AIA to SPI's patent was in violation of due process of law. A favorable decision here reinstating the cancelled claim 4 of the '180 patent would serve to ameliorate the harm suffered by SPI and restore SPI's exclusive rights vested in it by said claim.

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

8.     When a patent is issued, it is sent to the owner of the patent, and it includes a certificate issued and signed by the Director of the United States Patent and Trademark Office. The certificate for SPI's '180 patent states that the Director of the USPTO

> "has received an application for a patent for a new and useful invention. The title and description of the invention are enclosed. The requirements of law have been complied with, and it has been determined that a patent on the invention shall be granted under the law.
> Therefore, this 6,655,180
>
> United States Patent [g]rants to the person(s) having title to this patent the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States of America or importing the invention into the United States of America for the term set forth below, subject to the payment of maintenance fees as provided by law."

9.     At all times, SPI paid the necessary fees to the PTO for the application, processing and maintenance of the '180 patent. At all times SPI paid said fees in the good faith belief that the '180 patent would and did issue pursuant to law and that it would be protected by the Fifth Amendment to the U.S. Constitution. Pursuant to said issued patent, SPI was granted valuable property rights and vested rights recognized *inter alia* over a year before the '180 patent issued in <u>Festo Corp. v. Shoketsu Kinzoku Koygyo Kabushiki Co.</u>, 535 U.S. 772, 139 (2002): "Fundamental alterations in these rules risk destroying the legitimate expectations of inventors in their property… '[t]o change so substantially the rules of the game now could very well subvert the various balances the PTO sought to strike when issuing the numerous patents which have not yet expired and which would be affected by our decision.' Id., at 32, n. 6; see also id., at 41 (GINSBURG, J., concurring)."

10.     If the full faith and credit of the United States as evidenced by the '180 patent certificate and the words of the U.S. Supreme Court mean anything, they mean that if the patent

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

is to be invalidated by subsequent legislative and/or executive action, i.e., by AIA's IPR process, then such action must be compliant with due process of law under the Fifth Amendment. The AIA's *ex post facto* rule change offends long-standing notions of fair play and justice. By this complaint, SPI is seeking a judicial determination in this as-applied challenge that the AIA cannot apply retroactively to patents such as the '180 patent.

11.    In 2011, Congress passed the AIA, and President Obama signed it into law on September 16, 2011 as Public Law 112-29. Within this Act is a procedure in the IPR, governed now under 35 U.S.C. §§311-19, vesting the PTAB with the authority to cancel issued patent claims.

12.    An IPR begins with a petition filed under 35 U.S.C. §311. The petition may request the cancellation as "unpatentable" of one or more claims on a ground that could be raised under 35 U.S.C. §§102 or 103, and only on the basis of prior art consisting of patents or printed publications. *Id.*

13.    The patent owner has the option of filing a preliminary response to the petition within three months. 35 U.S.C. §313. The response is limited to setting forth reasons why no *inter partes* review should be instituted. *Id*. Though the patent owner may include additional evidence (as long as it is related to the institution of the *inter partes* review), the patent owner is specifically prohibited from presenting any testimonial evidence beyond that already of record. 37 C.F.R.§ 3 42.207.

14.    After taking into account only the petition and the patent owner's response, the PTAB issues a decision within three months as to whether an IPR review will be instituted. 35 U.S.C. § 314(b). The petitioner must only make a showing that there is a "reasonable likelihood" that at least one of the claims challenged in the petition is unpatentable. 35 U.S.C. 8 314(a).

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

15.    Once review is instituted, the patent owner may file a response. 37 C.F.R.§ 42.

16.    The PTAB's final written decision is ordinarily issued within one year of instituting the proceedings. 37 C.F.R. § 42.100.

17.    IPR proceedings eliminate the patent owner's presumption of validity, and lower the petitioner's burden of proof from clear and convincing evidence, Microsoft Corp. v. i4i Ltd P'ship (2011) 131 S.Ct. 2238, 2242, to a preponderance of the evidence.  35 U.S.C. § 316(e). In the IPR for the subject '180 patent, the PTAB used a claim construction framework that is broader than an Article III court's framework, called "Broadest Reasonable Interpretation," and which made such claims more vulnerable to invalidity findings than in Article III proceedings, which use a narrower standard for claim construction.

18.    Under Federal Circuit precedent, a finding of invalidity by the PTAB will trump whatever patent infringement proceedings are taking place in an Article III court, no matter how advanced. Fresenius USA, Inc. v. Baxter International, Inc., (Fed. Cir. 2013) 721 F.3d 1330.

19.    PTAB proceedings, once initiated, effectively replace federal court litigation concerning validity over prior art of allegedly infringed patents, since generally, federal courts stay litigation pending PTAB review, as occurred with SPI's Article III action.

20.    On November 11, 2014, Plaintiff SPI filed a Complaint in the United States District Court for the Northern District of California against Ojmar for infringement of the '180 patent, including specifically claim 4 thereof. (Security People, Inc. v. Ojmar US, LLC (N.D. Cal.), case no. 3:14-cv-04968).  SPI sought both money damages and a permanent injunction prohibiting future infringement of the patent, and demanded trial by jury.

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

21.     On April 29, 2015, after the District Court had issued its case management order setting the case for a jury trial, Ojmar filed its petition to institute an IPR of certain claims of the '180 patent under 35 U.S.C. § 311.  (Case no. IPR2015-01130.)

22.     On May 29, 2015, over SPI's objections, the District Court entered a stay of proceedings pending the PTAB's decision.

23.     The PTAB pursuant to said IPR ultimately invalidated claim 4 of the '180 patent, which invalidation was upheld by the Federal Circuit.

24.     SPI has actively practiced the '180 patent at all times since its issuance, having invested millions of dollars into the patent, product development and its business built around the patent. The invention covered by the '180 patent had great commercial success throughout the U.S. and the world because it satisfied a long felt but unsolved need, thus, meeting key "secondary" considerations of non-obviousness (Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966). The invention was and at all times been marketed under the name Digilock, a name that due to the success in the market has become a generic description of locker locks exhibiting features of the '180 patent.

## COUNT FOR UNCONSTITUTIONALITY OF 35 U.S.C. §311-19 AS APPLIED TO THE '180 PATENT

25.     Plaintiff hereby incorporate paragraphs 1-24 above by reference.

26.     The PTAB's IPR proceedings as applied retroactively to the '180 patent issued before the AIA enactment violated and violates the Fifth Amendment guarantee of due and fundamental constitutional principles of separation of powers by adjudicating purely private disputes between patent owners and alleged infringers in Article I tribunals, which at the time of the '180 patent's issuance was vested in the federal courts.

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

27.     As a direct result of the PTAB's IPR proceedings being applied retroactively to its '180 patent, SPI was unconstitutionally denied its right to have the issue of patent validity determined by a jury and/or Article III judge with the attendant patent law re claim construction and burden of proof, and likewise, SPI's property rights were subject to nullification without due process of law. The retroactive application of the AIA as applied to the '180 patent violates due process of law guaranteed SPI for protection of its vested property rights represented by the '180 patent. Also, the retroactive application of the AIA to the '180 patent serves to vitiate a prior Article III court's judgment issued by Judge Chesney finding the '180 patent valid.

## REQUEST FOR RELIEF

Plaintiff respectfully requests that this Court enter a judgment against declaring that *inter partes* review is unconstitutional as it has been applied to the '180 Patent, and grant the following relief:

1.     A declaration that retroactive application of IPR proceedings to the '180 patent issued prior to the enactment of AIA unconstitutionally place before the PTAB matters reserved for the judiciary, in violation of Separation of Powers principles and in violation of due process of law;

2.     A declaration that IPR proceedings before the PTAB applying the AIA retroactively as to the '180 patent violated and violates the Seventh Amendment's guarantee of a jury trial and SPI's right to an Article III judge with attendant Article III court rules;

3.     A declaration that the PTAB's invalidation of claim 4 of the '180 patent is void and without legal effect and a permanent injunction prohibiting the PTAB from conducting *inter partes* review proceedings as against the '180 patent;

4.     Costs of suit; and

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF

5.      Such other and further relief as this Court may deem proper and just.


Dated: October 9, 2018                    Respectfully submitted,
                                          /s/ *Frear Stephen Schmid*
                                          Frear Stephen Schmid, Attorney for
                                          Plaintiff SECURITY PEOPLE, INC.

COMPLAINT FOR DECLARATORY JUDGMENT OF UNCONSTITUTIONALITY OF 35 U.S.C. §§311-19 AND INJUNCTIVE RELIEF