UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITY PEOPLE, INC,<br><br>Plaintiff,<br><br>v.<br><br>ANDREI IANCU, et al.,<br><br>Defendants. | Case No. 18-cv-06180-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 7 |

On October 9, 2018, Plaintiff Security People, Inc. ("SPI") brought this suit against the U.S. Patent and Trademark Office ("USPTO") and Andrei Iancu, in his official capacity as Director of the USPTO (collectively, "Defendants"). Dkt. No. 1 ("Compl."). SPI alleges a single count, seeking to have the *inter partes* review ("IPR") process under 35 U.S.C. §§ 311–319, as established by the American Invents Act ("AIA"), declared unconstitutional on the grounds that its retroactive application to Plaintiff's patent violates various constitutional guarantees. *Id.* ¶¶ 26–27.

Pending before the Court is Defendants' motion to dismiss the complaint with prejudice under Federal Rule of Civil Procedure ("Rule") 12(b)(1), principles of *res judicata*, and Rule 12(b)(6). After carefully considering the parties' arguments, the Court **GRANTS** Defendants' motion.

I.     **BACKGROUND**

Plaintiff is the assignee of U.S. Patent Number 6,655,180 ("the '180 Patent"), which was issued on December 2, 2003, prior to Congress's passage of the AIA. *Id.* ¶¶ 3–4. In November 2014—after the AIA's passage—Plaintiff sued Ojmar US, LLC ("Ojmar") in this Court for alleged infringement of the '180 Patent. *Id.* ¶ 7; *see Sec. People, Inc. v. Ojmar US, LLC*, No.

1  4:14-cv-04968-HSG (N.D. Cal. Nov. 10, 2014), ECF 1.  Ojmar thereafter filed a petition with the
2  USPTO to institute IPR of certain claims in the '180 Patent.  *See* Compl. ¶¶ 7, 21.  IPR was
3  instituted, and consistent with authority provided under the AIA, the Patent and Trial Appeals
4  Board ("PTAB") issued a final written decision, which cancelled claim 4 of the '180 Patent as
5  obvious, after which Plaintiff dismissed its patent infringement action against Ojmar.  *Id.* ¶¶ 7, 23.
6  Plaintiff unsuccessfully appealed PTAB's decision to the Federal Circuit.  *Id.* ¶ 7; *see also Sec.*
7  *People, Inc. v. Ojmar US, LLC*, 702 Fed. Appx. 982 (Fed. Cir. 2017).

Plaintiff separately filed another action in this Court against the USPTO, its Director, and Ojmar, alleging a single count positing that the IPR process was unconstitutional for violating Article III separation of powers principles and the right to have patent validity issues determined by a jury.  *See Sec. People, Inc. v. Lee*, No. 4:15-cv-3172-HSG (N.D. Cal. July 8, 2015), ECF 1.  The Court ultimately dismissed the action with prejudice for failure to state a cognizable claim to relief in light of a then-recent Federal Circuit decision rejecting the argument that IPR violates Article III.  *See Sec. People, Inc. v. Lee*, No. 4:15-cv-3172-HSG, 2016 WL 9455260, at *1 (N.D. Cal. Mar. 25, 2016) (citing *MCM Portfolio LLC v. Hewlett-Packard Co.*, 812 F.3d 1284 (Fed. Cir. 2015)).  SPI appealed that decision to the Ninth Circuit, which transferred the appeal to the Federal Circuit, which summarily affirmed dismissal.  *See Sec. People, Inc. v. Lee*, No. 2016-2378, 2017 WL 1963332 (Fed. Cir. Feb. 23, 2017).

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction" and may only hear cases when authorized by the Constitution or statute.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).  The plaintiff bears the burden of establishing subject matter jurisdiction.  *See Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 778–79 (9th Cir. 2000).  "Without jurisdiction the court cannot proceed at all in any cause."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868)).

## III. DISCUSSION

The Court finds it lacks subject matter jurisdiction to hear Plaintiff's claim.  Although courts presume judicial review of administrative decisions, this presumption may be overcome

where "congressional intent to preclude judicial review is fairly discernible in the statutory scheme." *Block v. Cmty. Nutrition Inst.*, 467 U.S. 340, 351 (1984) (internal quotation marks omitted). Further, a plaintiff's claims must be of the "type Congress intended to be reviewed within th[e] statutory structure." *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200, 207, 212 (1994). All told, provided there is "meaningful review" of given claims, Congress may require parties "to proceed exclusively through the statutory review scheme," even where parties "raise constitutional challenges to federal statutes." *Elgin v. Dep't of Treasury*, 567 U.S. 1, 10 (2012).

Here, Congress expressed its intent to preclude District Court jurisdiction in the AIA's statutory language. Section 141 specifies that parties may appeal IPR decisions "only" to the Federal Circuit. And SPI here appeals PTAB's cancellation of its patent claim, which is well within the scope of claims Congress directed to the Federal Circuit. *See* 35 U.S.C. § 319. Against this argument, SPI contends that PTAB cannot provide meaningful review of its constitutional claims, relying primarily on *Free Enterprise Fund v. Public Co. Accounting Oversight Board*, 561 U.S. 477 (2010). Opp. at 10–12. But unlike in *Free Enterprise Fund*, where the statute limited judicial review in meaningful ways, Section 141 here provides for broad Federal Circuit review of PTAB's final written decisions. *Compare Free Enterprise Fund*, 561 U.S. at 489–91, *with* 35 U.S.C. § 141(c) (providing review for any "dissatisfied" party). And the Supreme Court has stressed that the "Federal Circuit is fully capable of providing meaningful review" of constitutional challenges. *See Elgin*, 567 U.S. at 10.

Because the AIA's statutory language indicates that Congress intended to provide review of Plaintiff's constitutional challenge to PTAB's decision "only" in the Federal Circuit, which is "fully capable of providing meaningful review," the Court finds it lacks federal subject matter jurisdiction over SPI's claims. *See id.*; 35 U.S.C. § 319. The Court further finds that leave to amend is unwarranted because the "pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Plaintiff's only claim challenges the constitutionality of PTAB's decision, and no new facts would establish subject matter jurisdiction in this Court.

//

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss, and Plaintiff's complaint is **DISMISSED WITHOUT LEAVE TO AMEND**. The Clerk is directed to close the file.

**IT IS SO ORDERED.**

Dated: 6/10/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge